IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MCKENZIE MEDICAL CENTER, PC and WMC PARTNERSHIP, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA,<br><br>    Defendant. | Case No. 1:23-cv-01045-JDB-jay<br><br>Removal from Weakley Co. Chancery Court, Case No. 25549 |

# SCHEDULING ORDER

Pursuant to Local Rule 16.2, a scheduling conference was held on May 9, 2023. Present were Drayton Berkley counsel for plaintiffs, and Jeremey Goolsby and Chris Burnside counsel for defendant. The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):** May 23, 2023.

**MOTIONS TO JOIN PARTIES**: July 10, 2023.

**MOTIONS TO AMEND PLEADINGS**: July 10, 2023.

**MOTIONS TO DISMISS**: August 7, 2023.

**ALTERNATIVE DISPUTE RESOLUTION:** October 31, 2023. Parties to submit name of Mediator by close of business May 12, 2023.


**BIFURCATION OF ISSUES:** It would promote judicial economy to bifurcate this case into two phases. The first phase of the case will deal with the insurance coverage issues raised in Defendant's Answer and Counterclaims. A resolution of those issues will necessarily impact the appointment of an umpire, as requested in Plaintiffs' Compliant, and thus must be decided before an umpire can be appointed. Following the resolution of the coverage issues, the case should then proceed to Phase 2 where the Court will address the issue of the appointment of an umpire.

**PHASE 1 – COVERAGE ISSUES:**

The Parties shall first undertake discovery and complete dispositive motions regarding all insurance coverage issues raised in Defendant's Answer and Counterclaims in accordance with the following deadlines:

**COMPLETING ALL PHASE 1 DISCOVERY**: October 11, 2023.

    (a) **PHASE 1 WRITTEN DISCOVERY**:  September 11, 2023

    (b) **PHASE 1 DEPOSITIONS**:  October 11, 2023

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2) FOR ALL ISSUES RELATED TO PHASE 1**:

    (a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**:  August 11, 2023.

    (b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**:  September 11, 2023.

    (c) **EXPERT WITNESS DEPOSITIONS**:  October 11, 2023.

**MOTIONS TO EXCLUDE PHASE 1 EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: October 26, 2023

**SUPPLEMENTATION UNDER RULE 26(e)(1)**:  October 11, 2023.

**FILING DISPOSITIVE MOTIONS RELATED TO PHASE 1**:  November 13, 2023.

**PHASE 2 – APPOINTMENT OF AN UMPIRE**

Following the conclusion of the issues addressed in Phase 1, the Parties shall next undertake discovery and complete dispositive motions regarding all issues raised in Plaintiffs' Complaint regarding the appointment of an umpire.

**COMPLETING ALL PHASE 2 DISCOVERY:** 150 days after entry of a final order on all Phase 1 issues.

    (b) **PHASE 1 WRITTEN DISCOVERY**:  120 days after entry of a final order on all Phase 1 issues.

    (b) **DEPOSITIONS**:  150 days after entry of a final order on all Phase 1 issues.

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2) FOR ALL ISSUES RELATED TO PHASE 2 DISCOVERY**:

    **(b) DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**: 90 days after entry of a final order on all Phase 1 issues.

    **(b) DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**: 120 days after entry of a final order on all Phase 1 issues.

    **(c) EXPERT WITNESS DEPOSITIONS**: 150 days after entry of a final order on all Phase 1 issues.

**MOTIONS TO EXCLUDE PHASE 2 ISSUE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: 165 days after the entry of a final order on all Phase 1 issues.

**SUPPLEMENTATION UNDER RULE 26(e)(1)**: 150 days after entry of a final order on all Phase 1 issues.

**FILING DISPOSITIVE MOTIONS RELATED TO ISSUES ADDRESSED IN PHASE 2**: 180 days after entry of an order on all Phase 1 issues.


**OTHER RELEVANT MATTERS**:

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties' e-discovery plan.

    Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

    No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

    Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

This case is set for a non-jury trial. The pretrial order deadline, pretrial conference date, and trial date for each phase of this case will be set by separate Order. The parties anticipate the trial will last approximately 5 days for Phase 1 and 2 days for Phase 2.

To the extent the parties are ordered to engage in ADR, within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

IT IS SO ORDERED.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

0146160.0768343   4856-1088-0864