# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT JACKSON**

| | | |
|---|---|---|
| **MCKENZIE MEDICAL CENTER, PC and WMC PARTNERSHIP, LLC,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **Case No. 1:23-cv-01045-JDB-jay** |
| **SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA,** | ) ) ) | **Removal from Weakley Co. Chancery Court, Case No. 25549** |
| **Defendant.** | ) ) | |

---

### PLAINTIFFS' RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS

---

Come now Plaintiffs, by and through counsel, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, and respond to Defendant's First Set of Requests for Admissions as follows:

**REQUEST NO. 1:** Admit that you made the claim for loss or damage to the Property arising out of the Incident on an actual cash value basis.

**RESPONSE:**

**Denied.**

**REQUEST NO. 2:** Admit that within 180 days of making the claim for loss or damage arising out of the Incident you did not notify Selective of your intent to make a claim on a replacement cost basis.

**RESPONSE:**

**Denied.**

**REQUEST NO. 3:** Admit that there have been no repairs done to the Property located at 136 S. Wilson Street, Dresden, TN 38255 since the Incident.

**RESPONSE:**

**Denied.**

**REQUEST NO. 4:** Admit that if you had used reasonable speed to repair or replace the building located at 136 S. Wilson Street, Dresden, TN 38255, the building would have been repaired, rebuilt, or replaced by now.

**RESPONSE:**

**Denied.**

**REQUEST NO. 5:** Admit that you failed to take reasonable steps to protect the property at 136 S. Wilson Street, Dresden, TN 38255 from further loss or damage after the Incident.

**RESPONSE:**

**Denied.**

**REQUEST NO. 6:** Admit that you did not sustain any actual loss of Business Income as a result of the Incident.

**RESPONSE:**

**Denied.**

**REQUEST NO. 7:** Admit that there was no partial slowdown or complete cessation of your business activities following the Incident.

**RESPONSE:**

**Denied.**

**REQUEST NO. 8:** Admit that you resumed business operations at 811 Morrow Street, Dresden TN 38225 following the Incident.

**RESPONSE:**

**Denied.**

**REQUEST NO. 9:**  Admit that 811 Morrow Street is the new permanent location for the business.

**RESPONSE:**

**Denied.**

**REQUEST NO. 10:**  Admit that items located inside of the back portion of the building were not damaged in the Incident.

**RESPONSE:**

**Denied.**

**REQUEST NO. 11:**  Admit that the building was left open to the elements following the incident for longer than one week.

**RESPONSE:**

**Denied.**

**REQUEST NO. 12:**  Admit that you failed to make the Property available for inspection on January 13, 2022.

**RESPONSE:**

**Denied.**

**REQUEST NO. 13:**  Admit that the list of proposed umpires listed in your Complaint were not selected by your appraiser, Ben Perry.

**RESPONSE:**

**Denied.**

**REQUEST NO. 14:**  Admit that your Business Income did not decrease after the Incident.

**RESPONSE:**

**Denied.**

**REQUEST NO. 15:** Admit you have no Documents to establish a loss of Business Income after the Incident.

**RESPONSE:**

**Denied.**

Respectfully submitted,

 **/s/Drayton D. Berkley**
Drayton D. Berkley, Esq.
Berkley Law Firm, PLLC
1255 Lynnfield Ste 226
Memphis, TN 38119
attorneyberkley@gmail.com
*Attorney for Plaintiffs*
P.O. Box 771048
Memphis, TN 38177

## CERTIFICATE  OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon the following counsel of record or parties pro se in this cause **ONLY BY ELECTRONIC TRANSMISSION** to the following:

Jeremey R. Goolsby, No. 34505
Chris Burnside (pro hac vice)
FROST BROWN  TODD LLP
150 3rd Avenue South, Suite 1900
Nashville, TN  37201
615-251-5550 Telephone
615-251-5551 Facsimile
jgoolsby@fbtlaw.com
cburnside@fbtlaw.com

This, the 11th day of August  2023.

  _/s/Drayton D. Berkley_____
**Drayton D. Berkley**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**AT JACKSON**

| | | |
|---|---|---|
| **MCKENZIE MEDICAL CENTER, PC** | ) | |
| **and WMC PARTNERSHIP, LLC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No. 1:23-cv-01045-JDB-jay** |
| **vs.** | ) | |
| | ) | **Removal from Weakley Co. Chancery** |
| **SELECTIVE INSURANCE COMPANY** | ) | **Court, Case No. 25549** |
| **OF SOUTH CAROLINA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFFS' RESPONSES TO WRITTEN DISCOVERY OF DEFENDANT

Plaintiffs, by and through counsel, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, hereby submit the following responses to Defendant, Selective Insurance Company of South Carolina's First Set of Interrogatories and Request for Production of Documents.

## GENERAL OBJECTIONS AND STATEMENTS

1.      These general objections and statements apply to each of Plaintiffs' responses. To the extent specific objections or statements are made in response to specific requests, citations are provided because they are believed to be particularly applicable to the request. Special objections and statements are not to be construed as a waiver of any applicable general objection or statement.

2.      Plaintiff objects to each request to the extent that it seeks information protected by attorney-client privilege, work-product doctrine, or any other privilege recognized under Federal law.

3.      Plaintiff objects to each request to the extent it seeks information outside the scope of the Federal Rules of Civil Procedure or requests information in which disclosure is not required by the Federal Rules of Civil Procedure.

4.      Plaintiff objects to Defendant's discovery requests to the extent they seek information or documents already in the possession or control of Defendant and/or third parties or that are in the public domain. To the extent Defendant is seeking such information or documents that is more readily available from other sources, Plaintiff objects to the discovery requests as being unduly burdensome.

5.      Plaintiff objects to each discovery request to the extent it is overbroad, unduly burdensome or oppressive, or seeks information or documents neither relevant to the subject matter of this action nor reasonably calculated and narrowly tailored to lead to the discovery of admissible evidence.

6.      Plaintiff objects to each discovery requests that uses language such as "each," "ever," "every," "each and every," "any," "all," "any and all," or similarly broad language in requesting information and documents. Such a discovery request is onerous, unduly burdensome, potentially harassing, and overly broad. Each such discovery request is objectionable in that such an inquiry, in essence, is a request for evidence as opposed to discoverable information. Moreover, Plaintiff has no possible means of making the all-encompassing identification such a broadly worded discovery request requires.

7.      Plaintiff is engaged in ongoing and continuing investigation and discovery of the matters that are the subject of the Plaintiff's Complaint, and the responses contained herein are believed to be accurate as of the date made. Plaintiff will supplement any answers to the responses

to any of these discovery requests to the extent required by the Federal Rules of Civil Procedure or any rule or order of this Court.

8.      No incidental or implied admission of fact by Plaintiff is made by the responses contained herein. The only admissions are express admissions. The fact that Plaintiff has answered any discovery request may not properly be taken as an admission that Plaintiff accepts or admits the existence of any fact set forth or assumed by such discovery request or that such responses constitute admissible evidence. The fact that Plaintiff has answered all or part of any discovery request is not intended to be, and shall not be construed as a waiver of all or any part of any objection asserted by Plaintiff herein.

9.      The responses contained herein are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds to which the same statement would be subject if delivered in court. All such objections and grounds are expressly reserved by Plaintiff and may be interposed at the time of trial or in conjunction with other uses of the responses.

The continuing objections set forth above apply to each and every interrogatory and request for production of documents as applicable as if they are set forth in full in the responses.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify all persons answering these interrogatories and/or who supplied any information upon which your responses to these interrogatories are based.

**ANSWER:**

**My attorney helped me answer these questions.**

**INTERROGATORY NO. 2:** State the name and address of each and every person known to you, your attorneys, or anyone acting upon your behalf, who has any knowledge of the facts and

circumstances surrounding the facts underlying the Claim and the allegations in the Counterclaims, and state in detail the particular information each such person possesses without regard to admissibility or competence.

**ANSWER:**

Counsel for Plaintiff objects to this interrogatory to the extent that it infringes on the attorney/client privilege and/or work product doctrine. Additionally, this interrogatory is overbroad in that Plaintiff cannot possibly know everyone who would have knowledge of the issues involved in this lawsuit as it would include people who are not a party to this action. Subject to and without waiving said objection, Plaintiff states as follows:

McKenzie Medical Center, P.C.

WMC Partnership, LLC.

Selective Insurance Company of South Carolina.

William Griffin

Discovery is ongoing at this time, and no final decision has been made regarding witnesses, expert or otherwise. I reserve the right and will supplement this answer in accordance with the Federal Rules of Civil Procedure or pursuant to a case management and/or scheduling order.

**INTERROGATORY NO. 3:** Please identify any person with whom you have communicated about the Claim and describe the substance of each such communication.

**ANSWER:**

Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the

Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, Defendants response to request for Production of Documents of July 12, 2023 reveals that Defendant is already in possession of correspondence with the public adjuster, William Griffin and other individuals involved in this claim.   The response to Request for production is approximately 2,700 pages.

**INTERROGATORY NO. 4:** Please provide a detailed itemization of the alleged loss or damage that you claim was caused by the Incident, including but not limited to the date such loss or damage occurred, the location of such loss or damage, any facts supporting that the loss is covered by the Policy, and the date such loss or damage was reported to Selective.

**ANSWER:**

Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the all risk policy attached to Defendants request for production of documents, the estimate prepared by Envista and

**William Griffin, and the Defendants Statement of Loss and alleged previous payments (Selective 2718-2725)**

**INTERROGATORY NO. 5:** Please identify and describe any steps taken by you to protect the Property (including any Covered Property located within the building on the Property) from further damage.

**ANSWER:**

**Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.**

**INTERROGATORY NO. 6:** Please identify and describe any repairs, improvements, or remediations made to the Property since the Incident, including the date such repairs, improvement, or remediation were made and who made the repairs, improvements, or remediations.

**ANSWER:**

**Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this**

information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**INTERROGATORY NO. 7:** Please identify and describe any Communications you had with Selective in which you informed Selective that you would be pursuing a claim on a replacement cost basis.

**ANSWER:**

Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**INTERROGATORY NO. 8:** Please identify the person or entity who provided the list of suggested umpires stated in Paragraph 11 of your Complaint/Petition.

**ANSWER:**

Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome

than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, Mr. Griffin provided the list of proposed umpires from a pool within his database.

**INTERROGATORY NO. 9:** Please identify with particularity each and every inspection of the Property's interior and exterior from the date of the Incident to the present, identifying the date of the inspection, the name of the inspector, whether the person took photographs or otherwise documented the condition of the Property and whether a report was prepared.

**ANSWER:**

Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, Please see Defendants responses to request for production of July 2023.

**INTERROGATORY NO. 10:** Please identify the person or entity who provided the list of suggested umpires stated in your Complaint/Petition.

**ANSWER:**

Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is

more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**Please see response to Interrogatory No. 8**

**INTERROGATORY NO. 11:** Please provide an itemization of all Business Personal Property which you contend is covered by the Policy.

**ANSWER:**

Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**INTERROGATORY NO. 12:** For each item of Business Personal Property identified in response to Interrogatory No. 11, please identify where the Business Personal Property was located in the building at the time of the Incident, how it was damaged during the Incident, whether an inspection of the item was done following the Incident, when / if the item was removed from the

Property following the Incident, and any steps taken to protect the item from further damage following the Incident.

**ANSWER:**

**Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.**

**Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.**

**INTERROGATORY NO. 13:** Please identify and provide a listing of all business or clinic locations you owned, managed or operated at the time of the Incident.

**ANSWER:**

**Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.**

**INTERROGATORY NO. 14:** Please provide a listing of each employee or independent contractor that worked at each location listed in interrogatory number 13.

**ANSWER:**

Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**INTERROGATORY NO. 15:** Please identify which locations listed in Interrogatory No. 13 have been permanently closed.

**ANSWER:**

Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**INTERROGATORY NO. 16:** Please describe your relationship with Hometown Health Clinic.

**ANSWER:**

Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**INTERROGATORY NO. 17:** Please identify any new locations you have opened since the Incident.

**ANSWER:**

Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this

information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**INTERROGATORY NO. 18:** Please identify each piece of equipment you repaired or replaced because of damage caused during the Incident.

**ANSWER:**

Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**INTERROGATORY NO. 19:** Please identify where you stored and protected any equipment located at your clinic located at 136 S. Wilson Street, Dresden, TN 38255 after incident.

**ANSWER:**

Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the

Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**INTERROGATORY NO. 20:** Please identify and explain all steps you took to protect your clinic located at 136 S. Wilson Street, Dresden, TN 38255 from further damage after the Incident.

**ANSWER:**

Counsel for Plaintiff objects to this interrogatory on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** All Documents identified, referenced, reviewed, or otherwise used in responding to Defendant's Interrogatories above.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 2:**   All Documents and Communications related to the Claim.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 3:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and William Griffin related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 4:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and Nathan Plassman related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 5:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and Ken Abernathy related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome

than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 6:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and Chris Murphree related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**REQUEST NO. 7:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and Ben Perry related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**REQUEST NO. 8:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and John C. Robinson related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome

than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**REQUEST NO. 9:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and Jon Pruitt related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**REQUEST NO. 10:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and Jon Linville related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**REQUEST NO. 11:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and Matt Dugan related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**REQUEST NO. 12:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and Scott Heidelberg related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**REQUEST NO. 13:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and Andy Frarracio related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is

more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**REQUEST NO. 14:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and Zach Baker related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**REQUEST NO. 15:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and Mary Jo O'Neal related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**REQUEST NO. 16:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and Joe Harmon related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome

than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**REQUEST NO. 17:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and David Hilsdon related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**REQUEST NO. 18:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and Chris Green related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**REQUEST NO. 19:** All Documents constituting or related to Communications between You and anyone acting on your behalf (including emails, text messages, and voice recordings) and Nathan Smith related to the Policy, Claim, Incident, and/or Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding information related to voice recordings, if any.

Counsel for Plaintiff further objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

**REQUEST NO. 20:** All Documents constituting or related to Communications between Drayton Berkley and Scott Heidelberg.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and/or attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.

**REQUEST NO. 21:** All Documents constituting or related to Communications between Drayton Berkley and Andy Fraraccio.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.

Without waiving the foregoing objection, none.

**REQUEST NO. 22:** All Documents constituting or related to Communications between Drayton Berkley and Zach Baker.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.

Without waiving the foregoing objection, none.

**REQUEST NO. 23:** All Documents constituting or related to Communications between Drayton Berkley and Mary Jo O'Neal.

**RESPONSE:**

**Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

**Without waiving the foregoing objection, none.**

**REQUEST NO. 24:** All Documents constituting or related to Communications between Drayton Berkley and Joe Harmon.

**RESPONSE:**

**Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

**Without waiving the foregoing objection, none.**

**REQUEST NO. 25:** All Documents constituting or related to Communications between Drayton Berkley and David Hilsdon.

**RESPONSE:**

**Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

**Without waiving the foregoing objection, none.**

**REQUEST NO. 26:** All Documents constituting or related to Communications between Drayton Berkley and Ben Perry.

**RESPONSE:**

**Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

**Without waiving the foregoing objection, none.**

**REQUEST NO. 27:** All Documents constituting or related to Communications between Drayton Berkley and John C. Robinson.

**RESPONSE:**

**Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

**Without waiving the foregoing objection, none.**

**REQUEST NO. 28:** All Documents constituting or related to Communications between Drayton Berkley and Jon Pruitt.

**RESPONSE:**

**Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

**Without waiving the foregoing objection, none.**

**REQUEST NO. 29:** All Documents constituting or related to Communications between Drayton Berkley and Jon Linville.

**RESPONSE:**

**Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

**Without waiving the foregoing objection, none.**

**REQUEST NO. 30:** All Documents constituting or related to Communications between Drayton Berkley and Matt Dugan.

**RESPONSE:**

**Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

**Without waiving the foregoing objection, none.**

**REQUEST NO. 31:** All Documents constituting or related to Communications between William Griffin and Scott Heidelberg.

**RESPONSE: Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

**Without waiving the foregoing objection, Plaintiff is not aware of any documents responsive this request at this time.   Plaintiff will supplement if necessary.**

**REQUEST NO. 32:** All Documents constituting or related to Communications between William Griffin and Andy Fraraccio.

**RESPONSE: Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

Without waiving the foregoing objection, Plaintiff is not aware of any documents responsive this request at this time.   Plaintiff will supplement if necessary.

**REQUEST NO. 33:** All Documents constituting or related to Communications between William Griffin and Zach Baker.

**RESPONSE: Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

Without waiving the foregoing objection, Plaintiff is not aware of any documents responsive this request at this time.   Plaintiff will supplement if necessary.

**REQUEST NO. 34:** All Documents constituting or related to Communications between William Griffin and Mary Jo O'Neal.

**RESPONSE: Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

Without waiving the foregoing objection, Plaintiff is not aware of any documents responsive this request at this time.   Plaintiff will supplement if necessary.

**REQUEST NO. 35:** All Documents constituting or related to Communications between William Griffin and Joe Harmon.

**RESPONSE**: Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.

Without waiving the foregoing objection, Plaintiff is not aware of any documents responsive this request at this time.   Plaintiff will supplement if necessary.

**REQUEST NO. 36:**  All Documents constituting or related to Communications between William Griffin and David Hilsdon.

**RESPONSE**: Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.

Without waiving the foregoing objection, Plaintiff is not aware of any documents responsive this request at this time.   Plaintiff will supplement if necessary.

**REQUEST NO. 37:**  All Documents constituting or related to Communications between William Griffin and Nathan Passman.

**RESPONSE**: Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.

Without waiving the foregoing objection, Plaintiff is not aware of any documents responsive this request at this time.   Plaintiff will supplement if necessary.

**REQUEST NO. 38:** All Documents constituting or related to Communications between William Griffin and John C. Robinson.

**RESPONSE: Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

**Without waiving the foregoing objection, Plaintiff is not aware of any documents responsive this request at this time. Plaintiff will supplement if necessary.**

**REQUEST NO. 39:** All Documents constituting or related to Communications between William Griffin and Matt Dugan.

**RESPONSE: Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

**Without waiving the foregoing objection, Plaintiff is not aware of any documents responsive this request at this time. Plaintiff will supplement if necessary.**

**REQUEST NO. 40:** All Documents constituting or related to Communications between William Griffin and Ben Perry.

**RESPONSE: Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

Without waiving the foregoing objection, Plaintiff is not aware of any documents responsive this request at this time.   Plaintiff will supplement if necessary.

**REQUEST NO. 41:**  All Documents constituting or related to Communications between William Griffin and Jon Pruitt.

**RESPONSE:** Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.

Without waiving the foregoing objection, Plaintiff is not aware of any documents responsive this request at this time.   Plaintiff will supplement if necessary.

**REQUEST NO. 42:**  All Documents constituting or related to Communications between William Griffin and Chris Green.

**RESPONSE:** Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.

Without waiving the foregoing objection, Plaintiff is not aware of any documents responsive this request at this time.   Plaintiff will supplement if necessary.

**REQUEST NO. 43:** All Documents constituting or related to Communications between William Griffin and Jon Linville.

**RESPONSE: Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

**Without waiving the foregoing objection, Plaintiff is not aware of any documents responsive this request at this time.   Plaintiff will supplement if necessary.**

**REQUEST NO. 44:** All Documents constituting or related to Communications between William Griffin and Nathan Smith.

**RESPONSE:  Counsel for Plaintiff objects to this request on the grounds that it infringes on Work Product Doctrine and attorney-client privilege. Pursuant to Rule 34 of the Federal Rules of Civil Procedure, we are withholding this information.**

**Without waiving the foregoing objection, Plaintiff is not aware of any documents responsive this request at this time.   Plaintiff will supplement if necessary.**

**REQUEST NO. 45:** All Documents constituting or related to your notice to Selective that you intended to pursue a claim to rebuild you clinic located at 136 S. Wilson Street, Dresden, TN 38255 on a replacement cost basis.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 46:** All Documents constituting or related to your organizational chart at the time of the Incident and any revisions since the Incident.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 47:** All Documents constituting or related to your business organizational or formation Documents, including but not limited to bylaws, partnership agreements or any other similar agreement related to your business operations.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, business formation documents would be public record held by the Tennessee Secretary of State and this information is equally available to the Defendants.

**REQUEST NO. 48:** All Documents constituting or related to Property deeds for any locations identified in Interrogatory No. 13.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring

Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, this information is public record with the Gibson county register of deeds.

**REQUEST NO. 49:** All Documents constituting or related to Property leases for any locations identified in Interrogatory No. 13.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 50:** All Documents constituting or related to invoices, receipts, canceled checks or other written documentation of expenses you incurred to protect your equipment or the building located at at136 S. Wilson Street, Dresden, TN 38255 from further loss or damage after the Incident.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient,

less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 51:** All Documents constituting or related to invoices, receipts, canceled checks or other written documentation of expenses you incurred to resume business operations after the Incident.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 52:** All Documents and Communications related to your claim for loss or damage to the Property.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 53:** All Documents and Communications related to your claim for business interruption expenses under the policy.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 54:** All Documents and Communications related to your claim for loss of Business Personal Property under the policy.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 55:** All Documents and Communications related to any repairs, improvements, or remediations made to the Property following the Incident.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 56:** All Documents and Communications related to any actions taken to protect the Property (including any Business Personal Property located within the building) from further damage.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 57:** All Documents and Communications related to any claim for damages under the Policy.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 58:** All Documents and Communications related to any inspections of the interior or exterior of the Property from the date of the Incident to the present.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 59:** Any inspections or reports related to the Business Personal Property allegedly damaged in the Incident from the date of the Incident to the present.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring

Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 60:** Any photographs, videos, or other visual depictions of any of the alleged loss or damage that you claim was caused by the Incident.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 61:** Any documents you provided to Michael Magner and/or the firm of Morgan Johson Carpenter & Co.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is

available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 62:** Monthly profit and lost statements for January 2020 through December 2020 for the clinic which was being operated at the Property before the Incident.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

**REQUEST NO. 63:** Production reports, including total patient charges and collections, by month, from January 2020 through December 2020 for the clinic which was being operated at the Property before the Incident.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient,

less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.  Plaintiff believes this information was already provided to Defendants accountant for examination.

**REQUEST NO. 64**:  Summary of total patient charges and collections, by month, from January 2020 through December 2020 for the clinic which was being operated at the Property before the Incident.

**RESPONSE**: Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.  Plaintiff believes this information was already provided to Defendants accountant for examination.

**REQUEST NO. 65:** Payroll records for two pay periods prior to the Incident for the clinic which was being operated at the Property before the Incident.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.  Plaintiff believes this information was already provided to Defendants accountant for examination.

**REQUEST NO. 66:** Payroll records for two pay periods following the Incident for the clinic which was being operated at the Property before the Incident.

**RESPONSE:**

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to

produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.  Plaintiff believes this information was already provided to Defendants accountant for examination.

REQUEST NO. 67:  Loss period production reports for the providers who were working at the clinic located on the Property from December 12, 2021 to the present.

RESPONSE:

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.  Plaintiff believes this information was already provided to Defendants accountant for examination.

REQUEST NO. 68:  Please produce a copy the executed lease you entered into for the property located at 811 Morrow Street.

RESPONSE:

Counsel for Plaintiff objects to this request on the grounds that it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient,

less burdensome, or less expensive as permitted by Rule 26(b)2(c)(i) of the Federal Rules of Civil Procedure. The Defendant has this information. Consequently, this information is available to opposing counsel from his own client which is less burdensome than requiring Plaintiff to produce it. Additionally, it is duplicative to ask Plaintiff to furnish information for which counsel already has access.

Without waiving the foregoing objection, please see the Defendants response to Request for Production of Documents of July 2023.

Respectfully submitted,

**SIGNED AS TO OBJECTIONS ONLY
SEE ATTACHED DECLARATION**

**_/s/Drayton D. Berkley**
Drayton D. Berkley, Esq.
Berkley Law Firm, PLLC
1255 Lynnfield Ste 226
Memphis, TN 38119
attorneyberkley@gmail.com
*Attorney for Plaintiff*
P.O. Box 771048
Memphis, TN 38177

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon the following counsel of record or parties pro se in this cause **ONLY BY ELECTRONIC TRANSMISSION** to the following:

Jeremey R. Goolsby, No. 34505
Chris Burnside (pro hac vice)
FROST BROWN TODD LLP
150 3rd Avenue South, Suite 1900
Nashville, TN 37201

615-251-5550 Telephone
615-251-5551 Facsimile
jgoolsby@fbtlaw.com
cburnside@fbtlaw.com

This, 11th day of August   2023

  /s/Drayton D. Berkley
**Drayton D. Berkley**

0146160.0768343   4878-8674-6979v3