IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MCKENZIE MEDICAL CENTER, PC<br>and WMC PARTNERSHIP, LLC,<br><br> Plaintiffs,<br><br>v.<br><br>SELECTIVE INSURANCE COMPANY<br>OF SOUTH CAROLINA,<br><br> Defendant. | Case No. 1:23-cv-01045-JDB-jay |

## ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

Before the Court is the objection of Plaintiffs, McKenzie Medical Center, PC, and WMC Partnership, LLC ("McKenzie") (Docket Entry ("D.E.") 30), to the Magistrate Judge's order (D.E. 26) granting Defendant, Selective Insurance Company of South Carolina's ("Selective") motion to compel (D.E. 20).[1]  Defendant has responded to the objection.  (D.E. 32.)  For the following reasons, Plaintiffs' objection is OVERRULED, and the Magistrate Judge's order is AFFIRMED.

## PROCEDURAL HISTORY

The scheduling order provided that the parties would exchange the mandatory initial disclosures under Federal Rule of Civil Procedure 26(a)(1) on or before May 23, 2023.  (D.E. 17 at PageID 77.)  Likewise, the scheduling order stipulated that "[m]otions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion."  (Id. at PageID 79.)  On July 27, Defendant moved to compel Plaintiffs to provide responses and produce requested documents pursuant to Selective's

---

[1] A party may appeal the order of a magistrate judge within fourteen days after being served with a copy of the order.  See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a); LR 72.1(g)(1).

interrogatories and requests for production of documents, which Defendant served on Plaintiffs on June 6.[2]  (D.E. 20.)  The undersigned referred Selective's motion to Magistrate Judge Jon York for a report and recommendation and/or determination.  (D.E. 21.)  Plaintiffs subsequently responded to the motion and contended that they had "responded to Defendant[']s [i]nterrogatories and [r]equest for [p]roduction on August 11, 2023."  (D.E. 22.)  Further, Plaintiffs claimed their tardiness was because "[o]ne of the contractors [involved] experienced an automobile accident[.]"  (*Id.*)  Selective replied that the August 11 responses were deficient, and the reason given by Plaintiffs for their delay was erroneous.  (D.E. 25 at PageID 164–67.)

On September 6, Magistrate Judge York found that Plaintiffs' responses were both untimely and "wholly inadequate."  (D.E. 26 at PageID 171.)  Consequently, he issued an order: (1) granting Defendant's motion; (2) *sua sponte* directing Plaintiffs to submit their Rule 26(a)(1) initial disclosures to Selective within fourteen days; (3) requiring Plaintiffs to "fully and completely" respond to Defendant's discovery requests within twenty-one days; and (4) deeming any objections by Plaintiffs to Selective's interrogatories and requests for production of documents waived.  (*Id.*)  Plaintiffs timely objected on September 20.  (D.E. 30.)

## STANDARD OF REVIEW

Title 28 U.S.C. § 636 permits a district judge, barring certain exceptions absent here, to designate a magistrate judge "to hear and determine any pretrial matter pending before the court."  28 U.S.C. § 636(b)(1)(A).  The main objective of the provision was to "create a supplementary judicial power designed to meet the ebb and flow of the demands made on the Federal judiciary."  *Roell v. Withrow*, 538 U.S. 580, 588 (2003) (internal quotation marks omitted).

---

[2] Although Selective did not move to compel compliance, it noted that Plaintiffs had also failed to provide the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1). (D.E. 20-1 at PageID 96.)

Under the statute, "a district court may 'reconsider' a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is 'clearly erroneous or contrary to law.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993)) (some internal quotation marks omitted), *reh'g en banc denied* (Nov. 14, 2019); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."); LR 72.1(g)(1) ("The presiding district judge may reconsider any order determining a pretrial matter where it has been shown that the magistrate judges' order is clearly erroneous or contrary to law.").

The standard of review is a limited one. *Massey*, 7 F.3d at 509. "A factual finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Bisig*, 940 F.3d at 219 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[T]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one [the reviewing court] would draw." *United States v. Reed*, 72 F.4th 174, 190 (6th Cir. 2023). Instead, the test is whether the magistrate judge's "construction of that evidence is a reasonable one." *Visteon Glob. Tech., Inc. v. Garmin Int'l, Inc.*, 903 F. Supp. 2d 521, 524 (E.D. Mich. 2012) (quoting *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)).

"[A] [l]egal conclusion[] [is] reviewed de novo and contrary to law only if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Saginaw Chippewa Indian Tribe of Mich. v. Blue Cross Blue Shield of Mich.*, ___ F. Supp. 3d ___, No. 1:16-cv-10317, 2023 WL 4623871, at *4 (E.D. Mich. July 19, 2023) (quoting *Bisig*, 940 F.3d at 219) (internal quotation

marks omitted), *recons. denied,* 2023 WL 4980034 (E.D. Mich. Aug. 3, 2023); *see also Myers v. City of Centerville*, No. 3:20-cv-402, 2023 WL 3611459, at *2 (S.D. Ohio May 24, 2023) (when examining legal conclusions under the more lenient "contrary-to-law" standard, a court has "plenary power to reject 'any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'"). "Although legal authority may support an objection, the critical inquiry is whether there is legal authority that supports the magistrate[ judge]'s conclusion; if so, the magistrate judge did not act contrary to law." *Stevens-Bratton v. TruGreen, Inc.*, No. 2:15-cv-2472, 2020 WL 3086571, at *3 (W.D. Tenn. June 10, 2020) (quoting *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006)) (cleaned up). "That reasonable minds may differ on the wisdom of a legal conclusion does not mean it is clearly erroneous or contrary to law." *Id.* (quoting *Carmona*, 233 F.R.D. at 276).

The district court's review is "deferential, and mere disagreement with the [m]agistrate [j]udge and/or an assertion that the [m]agistrate [j]udge should have ruled differently does not rise to a clear error of fact or a decision contrary to law." *EPAC Tech., Inc. v. Harpercollins Christian Publ'g, Inc.*, No. 3:12-cv-00463, 2023 WL 2505905, at *3 (M.D. Tenn. Mar. 14, 2023) (citation omitted). It has been recognized that "it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by the district judge." *Murphy v. May*, No. 1:21-cv-12089, 2023 WL 4964296, at *2 (E.D. Mich. Aug. 3, 2023) (quoting 12 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3029 (3d ed. 2022)); *Phx. Process Equip. Co. v. Cap. Equip. & Trading Corp.*, No. 3:16-CV-024-CHB, 2022 WL 15722629, at *2 (W.D. Ky. May 2, 2022) (quoting same). The burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law rests on the objector. *United States v. Glatz*, No. 3:19-CR-218-TAV-DCP-1, 2021 WL 4943056, at *5 (E.D. Tenn. Oct. 22, 2021).

## ANALYSIS

Plaintiffs object to the Magistrate Judge's order on two grounds. (D.E. 30 at PageID 651–52.) First, McKenzie maintains that Defendant's motion was untimely as to the Rule 26(a)(1) initial disclosures because more than forty-five days had elapsed. (*Id.* at PageID 651.) Selective retorts that the Magistrate Judge *sua sponte* directed Plaintiffs to supply their initial disclosures, so the timeliness of Defendant's motion as it relates to Rule 26(a)(1) is irrelevant. (D.E. 32 at PageID 672–73.) Second, Plaintiffs contend that Selective already has the documents and information it seeks; thus, the order compelling Plaintiffs to respond is unnecessary. (D.E. 30 at PageID 651–52.) Defendant primarily responds that while it likely does have many of the documents sought, it does not have every document requested and only Plaintiffs can identify those that are not in its possession. (D.E. 32 at PageID 673–75.)

  a. <u>Initial Disclosures</u>

While Selective noted in its memorandum that McKenzie had failed to supply their initial disclosures, Defendant did not seek to compel Plaintiffs' compliance. (D.E. 20-1 at PageID 96.) Instead, the magistrate judge *sua sponte* ordered Plaintiffs to comply with Rule 26(a)(1). (D.E. 26 at PageID 171.) Thus, Plaintiffs' assertion that Selective's motion was untimely under the scheduling order is incorrect. McKenzie's objection based on that alleged untimeliness, therefore, is overruled.

  b. <u>Interrogatories & Requests for Production of Documents</u>

After reviewing Plaintiffs' responses to Defendant's interrogatories and requests for production of documents, the Magistrate Judge found Plaintiffs' answers to be "wholly inadequate." (*Id.*) That determination was not clearly erroneous or contrary to law. Federal Rule of Civil Procedure 33 declares that a party has thirty days to respond to each interrogatory

separately, fully, in writing, and under oath. Fed. R. Civ. P. 33(b). Additionally, a party objecting to an interrogatory must does so timely and must state the grounds for the objection "with specificity." Fed. R. Civ. P. 33(b)(4). Similarly, Rule 34 directs a responding party to either permit inspection of the requested documents or produce them, or to make an objection while stating the reason with specificity. Fed. R. Civ. P. 34(b)(2)(B). If a party objects to a request, it must supply a log of the materials it is withholding based on the objection. Fed. R. Civ. P. 34(b)(2)(C).

McKenzie's contention that the Magistrate Judge erred by ordering full and complete responses to Defendant's discovery requests because Selective already possessed the information is unavailing. As Defendant noted in its reply, Plaintiffs' answers to interrogatories largely relied on references to records allegedly already within Selective's possession. (D.E. 25 at PageID 165.) Likewise, Plaintiffs have not produced a single document in response to Defendant's requests for production of documents. (*Id.* at PageID 164.) Even if Selective possesses many, or all, of the responsive documents, it is entitled to particularity in Plaintiffs' answers regarding which *specific* documents are responsive to each request. *See Mullins v. Prudential Ins. Co. of Am.*, 267 F.R.D. 504, 514 (W.D. Ky. 2010) (quoting *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 322–23 (C.D. Cal. 2004)). Merely citing to a mass of documents believed to already be in the requesting party's possession, without more, does not comply with the Rules. *See id.* (citing *Hypertherm, Inc. v. Am. Torch Tip Co.*, No. 05-cv-373-JD, 2008 WL 5423833, at *3 (D.N.H. Dec. 29, 2008)); *see also Dunkin' Donuts, Inc. v. N.A.S.T., Inc.*, 428 F. Supp. 2d 761, 770 (N.D. Ill. 2005) ("[S]imply referring [a party] . . . to documents in [its] possession, and documents produced in this case does not begin to meet the requirements of . . . Rule [33(d)].") (citations omitted) (internal quotation marks omitted). Accordingly, Magistrate Judge York's order was not clearly erroneous or contrary to law and Plaintiffs' objection is overruled.

## CONCLUSION

Accordingly, Plaintiffs' objection (D.E. 30) is OVERRULED and the Magistrate Judge's order (D.E. 26) is AFFIRMED.

IT IS SO ORDERED this 11th day of October 2023.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE